ZANDER LAMONT RICHARDSON, JR. :
#412-735
    Plaintiff :

v.                               : Civil Action No. JKB-13-3941

KEVIN WIGGINS, Assistant State's Attorney:
THE HONORABLE BARRY G. WILLIAMS
    Defendants :

## MEMORANDUM

On December 31, 2013, Zander Lamont Richardson, Jr., filed this civil complaint pursuant to 42 U.S.C. § 1983, seeking money damages and "reintegration to public life." He alleges a prosecutor and state court judge knowingly relied on perjured testimony, resulting in his wrongful conviction for first-degree murder and related charges for which he is serving a life sentence.[1] ECF No. 1. Plaintiff's motion for leave to file in forma pauperis (ECF No. 2) shall be granted.

To the extent that Richardson is seeking compensation for his arrest, prosecution, conviction, and confinement under a civil rights theory, the case shall be summarily dismissed without prejudice as the complaint for damages is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] The plaintiff in *Heck*, an Indiana state prisoner, sought compensatory damages from state prosecutors and others who had participated in the investigation leading to his conviction, alleging that defendants had knowingly destroyed evidence that was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at trial. The Supreme Court concluded that the complaint had to be dismissed and, in so doing, rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action:

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=109043020&loc=69&detailLoc=DSK8

[2] As there is a clear nexus between plaintiff's conviction and the alleged wrongful government action, the *Heck* bar applies. *See Nelson v. Campbell*, 541 U.S. 637, 647 (2004).

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87. Here, Richardson's criminal conviction is still on direct appeal; thus, his claims for damages may not now proceed in this court because he cannot show that his conviction has been reversed or vacated. A separate order will issue.

DATED this 8 day of January, 2014.

BY THE COURT:

James K. Bredar
United States District Judge

2